Kenneth **CARTER**, Plaintiff,

v.

Tracy **BECKER**, Defendant.

No. 96–C–338.

United States District Court,
E.D. Wisconsin.

June 9, 1997.

Kenneth Dewayen Carter, Green Bay Correctional Institution, Green Bay, WI, pro se.

Grant F. Langley, Susan E. Lappen, Milwaukee City Attorney's Office, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Kenneth Carter, has filed a motion in limine to bar the defendant from introducing certain negative evidence adverse to Mr. Carter at the impending jury trial. The defendant, Tracy Becker, is a detective employed by the city of Milwaukee. In his complaint, Mr. Carter alleges, pursuant to 42 U.S.C. § 1983, that Mr. Becker committed malicious prosecution by filing a false criminal complaint that charged the plaintiff with battery to a law enforcement officer.

The following facts are taken from the plaintiff's complaint. On January 14, 1995, Mr. Becker interviewed the plaintiff regarding criminal activity that occurred in another state. Mr. Carter denied the detective's charges. The defendant "informed Mr. Car-

ter three times that, when he go [sic] to prison other prisoners are going to have sexual intercourse with him." Mr. Carter then became upset, and the two men engaged in a verbal disagreement. The detective invited Mr. Carter to strike him, but Mr. Carter refused. The plaintiff claims that Mr. Becker hit him in the chest, and a physical fight between the two men ensued. Mr. Becker subsequently filed a criminal complaint against Mr. Carter for battery to a law enforcement officer. At a trial on the complaint, both Mr. Carter and Mr. Becker testified. Mr. Carter states that the defendant's testimony was false and that on March 21, 1995, a jury found Mr. Carter not guilty of the charge.

Mr. Carter's claims are now set for a jury trial in this court to start on August 13, 1997. His current motion in limine seeks to prevent the defendant from introducing detailed evidence at trial concerning the plaintiff's prior convictions. Mr. Carter acknowledges that in 1991 he was convicted in Mississippi for strong arm robbery and that he received two convictions in Wisconsin in 1995 for possession with the intent to deliver cocaine and "tetrahydrocannabinols." In his brief in support of his motion, Mr. Carter asks that the jury "only be aware of the fact that Im [sic] a convicted felony [sic]."

In his response to the plaintiff's motion, Mr. Becker "agrees that the specific description of the bases for Carter's prior convictions need not be brought to the jury's attention." The defendant, however, goes on to state that it will be necessary to establish at trial that Mr. Carter was in custody at the time of his alleged confrontation with the defendant (1) *because* he had been arrested for possession of controlled substances with intent to deliver, (2) because the detective was questioning him about an outstanding warrant for his arrest from the state of Mississippi, and (3) because Mr. Carter was under suspicion for robberies in Milwaukee. According to the defendant's response, the jury will need to understand that Mr. Carter had already served prison time "so that the defendant may establish that plaintiff's assertion that Detective Becker threatened him and provoked the fight, by alluding to the

**800**

possibility of a prison rape of Carter, is ridiculous, because of Carter's prior experience with prison life."

In order to recover for malicious prosecution pursuant to the federal statute, 42 U.S.C. § 1983, Mr. Carter must satisfy the state law requirements for setting forth a cause of action for malicious prosecution, show that the prosecution was committed by state actors, and prove that he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir.1996). To establish malicious prosecution in Wisconsin, Mr. Carter must show that: (1) there was a prior institution of regular judicial proceedings against him; (2) such proceedings were initiated at the instance of Detective Becker; (3) such proceedings were terminated in favor of Mr. Carter; (4) there was malice in instituting such proceedings; (5) there was no probable cause of the institution of such proceedings; and (6) Mr. Carter suffered injury or damage from such proceedings. *Strid v. Converse*, 111 Wis.2d 418, 423, 331 N.W.2d 350 (1983).

█ The prior convictions of the plaintiff are not of a nature that affect his credibility, and the defendant does not argue that he will use Mr. Carter's prior convictions to impeach the plaintiff's testimony. Instead, the defendant makes the more general assertion that Mr. Carter's convictions, and his belief that Mr. Carter was suspected of robberies in Milwaukee, are "relevant" to the issues at hand in this malicious prosecution case. Under Rules 401 and 402, Federal Rules of Evidence, all "relevant" evidence means all evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403, Federal Rules of Evidence, however, allows a trial judge to exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A district court has broad discretion in ruling on the admissibility of evidence. *Whalen v. Rubin*, 91 F.3d 1041, 1046 (7th Cir.1996).

█ Given the elements that Mr. Carter must prove in order to succeed on his malicious prosecution claim, I find that evidence regarding the nature of Mr. Carter's previous convictions is not relevant, or as the defendant argues, "necessary," to Mr. Becker's defense. The defendant states in his brief that it is "ridiculous" for Mr. Carter to assert that it was Mr. Becker who started the fight. This is because, according to the defendant, Mr. Carter's previous time in prison would cause him to not be angered or upset by the defendant's alleged allusions to prison rape. The problem with this argument is that the question of whether any of Mr. Becker's comments to Mr. Carter during the interview provoked him is not relevant to any of the malicious prosecution elements. Even if, as the defendant alleges, Mr. Carter was not or should not have been upset by the suggestion that he might be raped in prison, this fact has nothing to with whether the defendant had probable cause to charge Mr. Carter with battery.

█ The same rationale holds true for the defendant's intention to elicit testimony "regarding the reason Carter was in custody in the first place, the Mississippi warrant and the suspicions regarding Milwaukee robberies." If Mr. Carter was in custody at the time of the interrogation, such fact may be disclosed to the jury, but *why* he was in custody does not appear to be relevant. Neither an outstanding warrant nor suspicions about criminal activity would tend to make any consequential or determinative fact in this case more or less likely. Because I have found that the evidence that the defendant seeks to introduce is not relevant, I need not address the question of whether it is prejudicial to the plaintiff.

Therefore, IT IS ORDERED that the plaintiff's motion to preclude the defendant from introducing evidence about the nature of his prior convictions, about the reason for his being in custody on January 14, 1995, about an outstanding warrant for his arrest on January 14, 1995, and about the police department's suspicions that Mr. Carter was involved in robberies in Milwaukee, be and hereby is granted.

IT IS ALSO ORDERED that the defendant, at the jury trial in the above-captioned case, be and hereby is precluded from introducing evidence or attempting to elicit testimony about the nature of Mr. Carter's prior convictions, about the reason for his custody on January 14, 1995, about the outstanding warrant for his arrest on January 14, 1995, and about the police department's suspicions that Mr. Carter was involved in robberies in Milwaukee.

IT IS FURTHER ORDERED that the defendant may offer evidence in relation to the plaintiff's past misconduct limited to the following: that the plaintiff is a convicted felon.